UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MICHAEL SAUNDERS,

Plaintiff,

v.

DANNY JOUSEE FUNEZ,

Defendant.

Case No. 3:24-cv-00032-AR

**ORDER TO AMEND**

---

**ARMISTEAD, Magistrate Judge**

Plaintiff Michael Saunders, representing himself, filed this lawsuit on January 5, 2024, alleging fraud and negligence claims against defendant Danny Jousee Funez, his former spouse. (Compl., ECF No. 1). As explained below, Saunders' complaint is deficient in several important ways, and, for this lawsuit to go forward, he must timely file an amended complaint that corrects the deficiencies identified.

## BACKGROUND[1]

Saunders and Funez were married in October 2013 and divorced in September 2021. While married, Funez prepared and filed the parties' joint tax returns for the years 2018, 2019, and 2020. After Funez filed for divorce, but before the final divorce decree was entered, Saunders and Funez were audited by the Internal Revenue Service (IRS). At the close of the IRS's investigation and audit, it determined that Funez owed $53,315 and ordered that Funez pay that amount to the IRS.

On April 1, 2023, Funez accessed Saunders' Turbo Tax account online without permission and, posing as Saunders, prepared an IRS Form 1040 for tax year 2021 and filed it with the IRS. In doing so, Funez misrepresented to the IRS that Saunders earned $53,315 in tax year 2020. Saunders alleges that Funez stole his identity when he created and filed the Form 1040 with the IRS. Funez then amended the parties' 2020 tax return. Funez filed an amended return for himself which subtracted the $53,315 in earnings that Funez falsely attributed to Saunders.

In this action, Saunders brings three common law claims: (1) fraud, (2) negligence, and (3) gross negligence. Saunders' claims stem from Funez's actions in stealing his identity to file the false Form 1040 with the IRS. Saunders seeks $53,315 in damages; $159,945 in punitive damages; a declaration that Saunders did not file the 2021 Form 1040; and an injunction preventing Funez from filing any IRS documents with Saunders' personal information.

Saunders also has a pending application to proceed *in forma pauperis* (ECF No. 2). As explained below, the facts alleged in Saunders' complaint suggest that this court does not have

---

1 The facts are stated as alleged in the complaint and in the light most favorable to Saunders.

personal jurisdiction over Funez, that venue is improper here, and that the court may lack subject matter jurisdiction even if personal jurisdiction and venue could be established. Saunders must therefore file an amended complaint to proceed with this lawsuit.[2]

**LEGAL STANDARD**

When a complaint is filed by a plaintiff proceeding *in forma pauperis*, the court must dismiss a case if at any time it determines that the complaint is: (1) "frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperi*s raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"). The court's screening orders apply the same standard as that applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). A complaint under Rule 12(b)(6) must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Dismissal is proper only if it is clear that

---

2 The court's issuance of this Order to Amend based on lack of personal jurisdiction and improper venue does not preclude the court from identifying further defects in an amended complaint that remedies those problems.

the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112.

## DISCUSSION

### A. *Personal Jurisdiction*

Without personal jurisdiction over a defendant, a court lacks judicial authority over a defendant and cannot enter an enforceable judgment against him. *Burnham v. Superior Ct. of Cal., Cnty. of Marin*, 495 U.S. 604, 609 (1990). That is, personal jurisdiction is the court's power over the person or organization being sued in federal court. Where, as here, no federal statute governs personal jurisdiction, a district court applies the law of the state in which it sits. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). Oregon's long-arm statute, ORCP 4(L), authorizes personal jurisdiction over a defendant to the full extent permitted by the United States Constitution. *Ranza v. Nike*, 793 F.3d 1059, 1068 (9th Cir. 2015).

To conclude that it has personal jurisdiction over a defendant named in a complaint, a court must determine that exercising power over that defendant satisfies constitutional due process requirements. *Id.* Due process requires that a defendant "have certain minimum contacts" with the forum state (here, Oregon) "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citation omitted); *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021).

There are two types of personal jurisdiction that a court may exercise over a defendant: general jurisdiction and specific jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008). General jurisdiction (or "all purpose" jurisdiction) does not depend on the particular

controversy underlying the case. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). An individual is typically only subject to general personal jurisdiction in the state where he is domiciled or "at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). Here, Funez is a citizen of Virginia. (Compl. ¶ 6.) Thus, according to Saunders' allegations, this court does not have general jurisdiction over Funez.

Specific jurisdiction, in contrast, is unique to each case and "focuses on the relationship among the defendant, the forum, and the litigation." *Fiore*, 571 U.S. at 284. When a defendant's in-state activities give rise to the plaintiff's claims, specific personal jurisdiction is present. *Int'l Shoe*, 326 U.S. at 317. A defendant's relationship with the forum creates specific jurisdiction only when that relationship "arise[s] out of contacts that the defendant *himself* creates with the forum state," and not merely from the defendant's contacts with a person who resides in the forum. *Fiore*, 571 U.S. at 284.

Saunders alleges that he is a citizen of Washington and that the "events giving rise to this claim" occurred in Oregon. (Compl. ¶¶ 4-5.) However, none of the facts alleged have any connection to Oregon. For example, Saunders alleges that Funez accessed his Turbo Tax account online; he does not allege that Funez was in Oregon when he did so. And Saunders does not allege that Funez lived in or traveled to Oregon at any time. Thus, the complaint does not demonstrate a connection to Oregon. Thus, Saunders has not alleged facts supporting this court's exercise of specific jurisdiction over Funez. Saunders must therefore amend his complaint if he wishes to proceed with his lawsuit in this court.

**B.    *Venue***

A federal district court also may not decide the merits of a lawsuit if the court is not a proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). Venue of civil actions is governed by the general federal venue statute, 29 U.S.C. § 1391. *Day v. Orrick, Herrington & Sutcliffe, LLP*, 42 F.4th 1131, 1140 (9th Cir. 2022). Under that statute, a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

29 U.S.C. § 1391(b).

According to Saunders' complaint, he is a citizen of Washington and Funez is a citizen of Virginia and the events giving rise to claim appear to have occurred from Funez's computer in Virginia. Based on the allegations, venue is not proper in the District of Oregon. Instead, venue is likely proper in the Eastern District of Virginia. Saunders must therefore amend his complaint to allege facts showing that venue is proper in this district if he wishes to proceed here with his lawsuit.

**C.    *Additional Jurisdictional Concerns***

Saunders alleges that the parties were audited by the IRS before their divorce became final and that Funez was ordered to pay the IRS $53,315. Based on those allegations, it is

possible that the amount owed to the IRS was included in the parties' final divorce decree. Federal courts decline jurisdiction where the subject matter would involve them in domestic relations matters. *See Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986) (collecting cases). Thus, if Saunders wishes to proceed with his lawsuit here, he must allege facts demonstrating that the damages he seeks are not part of the divorce decree.

Additionally, under what is known as the *Rooker-Feldman* doctrine, this court lacks subject matter jurisdiction over a lawsuit that is, in reality, an appeal from a state court judgment. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415 (1923); *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). A federal lawsuit may be an improper appeal where the federal claims raised are intertwined with a state court judgment. *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). This occurs where a federal action requests relief that would effectively reverse a state court decision or void its ruling. *Fontana Empire Ctr., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002).

Based on the limited allegations in the complaint, if the amount owed to the IRS was determined in the Virginia divorce decree, this court may not revisit that determination under *Rooker-Feldman*. Again, if Saunders wishes to proceed with his lawsuit here, he must allege facts demonstrating that the damages he seeks are not part of the divorce decree. In short, Saunders must allege facts showing that his federal lawsuit is unrelated to the Virginia divorce decree.

## CONCLUSION

To avoid dismissal of his action, Saunders must file an AMENDED COMPLAINT with sufficient factual allegations to support personal jurisdiction, venue, and that this action is

unrelated to the Virginia divorce decree within 30 days of the date of this ORDER. That is, Saunders has until February 8, 2024, to file an AMENDED COMPLAINT. If Saunders fails to do that, the court may dismiss this action. The court DEFERS ruling on Saunders' application to proceed *in forma pauperis* (ECF No. 2).

DATED: January 9, 2024.

JEFF ARMISTEAD
United States Magistrate Judge